UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOHAMMAD LADJEVARDIAN, et al.,<br><br>    Plaintiffs,<br><br>  -against-<br><br>REPUBLIC OF ARGENTINA,<br><br>    Defendant. | 06 Civ. 3276 (TPG) |
| MICHELE COLELLA, et al.,<br><br>    Plaintiffs,<br><br>  -against-<br><br>REPUBLIC OF ARGENTINA, et al.,<br><br>    Defendants. | 04 Civ. 2710 (TPG) |

**MEMORANDUM OF THE BANK OF NEW YORK MELLON IN
OPPOSITION TO PLAINTIFFS' MOTIONS FOR TURNOVER ORDERS**

**REED SMITH LLP**
Eric A. Schaffer
Evan K. Farber
599 Lexington Avenue
New York, NY 10022
(212) 521-5400

*Attorneys for Non-Party The Bank
of New York Mellon, as Settlement
Trustee*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND .......................................................................................................................... 1

    A.    The Settlement Trust Agreement ............................................................................ 1

    B.    The Prior Turnover Motions .................................................................................. 2

ARGUMENT ................................................................................................................................. 4

I.    Plaintiffs Cannot Satisfy the Requirements of N.Y. C.P.L.R. § 5225(b) ........................... 4

    A.    The Republic Has No Interest in the Funds ........................................................... 5

    B.    The Republic Is Not Entitled to Possession of the Funds ...................................... 6

    C.    The Trustee's Rights in and to the Funds Are Superior to Any Rights of Plaintiffs .................................................................................................. 6

II.    N.Y. C.P.L.R. § 5230 Is Inapplicable ................................................................................. 8

CONCLUSION .............................................................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Applestein v. Republic of Argentina*,
 02-cv-1773 (TPG) ............................................................................................................ 3

*Applestein v. Republic of Argentina*,
 02-cv-4124 (TPG) ............................................................................................................ 3

*Aurelius Capital Master, Ltd., et al. v. Republic of Argentina*,
 09-cv-8757 (TPG), 09-cv-10620 (TPG) .......................................................................... 3

*Aurelius Capital Master, Ltd., et al. v. Republic of Argentina*,
 10-cv-3970 (TPG), 10-cv-8339 (TPG) ............................................................................ 3

*Aurelius Opportunities Fund II, LLC, et al. v. Republic of Argentina*,
 10-cv-1602 (TPG), 10-cv-3507 (TPG) ............................................................................ 3

*Beauvais v. Allegiance Sec., Inc.*,
 942 F.2d 838 (2d Cir. 1991) ................................................................................... 3, 4, 5, 6

*Bettoni v. Republic of Argentina*,
 05-cv-4299 (TPG) ............................................................................................................ 3

*Beyer v. Republic of Argentina*,
 07-cv-98 (TPG) ................................................................................................................ 3

*Blue Angel Capital I LLC v. Republic of Argentina*,
 10-cv-4101 (TPG), 10-cv-4782 (TPG) ............................................................................ 3

*Borgra v. Republic of Argentina*,
 07-cv-5807 (TPG) ............................................................................................................ 3

*Botti v. Republic of Argentina*,
 05-cv-8687 (TPG) ............................................................................................................ 3

*Cilli v. Republic of Argentina*,
 04-cv-6594 (TPG) ............................................................................................................ 3

*Consolini v. Republic of Argentina*,
 05-cv-177 (TPG) .............................................................................................................. 3

*Dussault v. Republic of Argentina*,
 07-cv-13085 (TPG) .......................................................................................................... 3

*Dussault v. Republic of Argentina*,
    616 Fed. App'x 26 (2d Cir. 2015) .................................................................................... *passim*

*Fedecostante v. Republic of Argentina*,
    05-cv-4466 (TPG) ............................................................................................................... 3

*Ferri v. Republic of Argentina*,
    05-cv-2943 (TPG) ............................................................................................................... 3

*Francheschi v. Republic of Argentina*,
    03-cv-4693 (TPG) ............................................................................................................... 3

*Klein v. Republic of Argentina*,
    05-cv-6599 (TPG) ............................................................................................................... 3

*Lisi v. Republic of Argentina*,
    05-cv-6002 (TPG) ............................................................................................................... 3

*Lovati v. Republic of Argentina*,
    05-cv-8195 (TPG) ............................................................................................................... 3

*Mazzini v. Republic of Argentina*,
    03-cv-8120 (TPG) ............................................................................................................... 3

*Moldes v. Republic of Argentina*,
    04-cv-6137 (TPG) ............................................................................................................... 3

*Morata v. Republic of Argentina*,
    04-cv-3314 (TPG) ............................................................................................................... 3

*NML Capital, Ltd. v. Republic of Argentina*,
    08-cv-6978 (TPG), 09-cv-1707 (TPG), 09-cv-1708 (TPG) ................................................ 3

*Olifant Fund, Ltd. v. Republic of Argentina*,
    10-cv-9587 (TPG) ............................................................................................................... 3

*Pablo Alberto Varea v. Republic of Argentina*,
    10-cv-5338 (TPG) ............................................................................................................... 3

*Pasquali v. Republic of Argentina*,
    05-cv-10636 (TPG) ............................................................................................................. 3

*Rigueiro v. Republic of Argentina*,
    05-cv-3089 (TPG) ............................................................................................................... 3

*Rosa v. Republic of Argentina*,
    04-cv-7504 (TPG) ............................................................................................................... 3

*Rossini v. Republic of Argentina*,
    05-cv-6200 (TPG) ................................................................................................................3

**Rules**

N.Y. C.P.L.R. § 5225(b) ...................................................................................................4, 5, 8

N.Y. C.P.L.R. § 5230(a) ......................................................................................................4, 8

Fed. R. Civ. P. 69(a)(1) ............................................................................................................4

**Other Authorities**

N.Y. C.P.L.R. Commentaries 5230:1 (McKinney) ..................................................................8

Non-party The Bank of New York Mellon, as settlement trustee ("BNY Mellon" or the "Trustee"), submits this Memorandum in Opposition to the Ladjevardian Plaintiffs' Motion for Turnover Order (Case 1:06-cv-03276-TPG [Dkt. 44-46]) and the Colella Plaintiffs' Motion for Turnover Order (Case 1:04-cv-02710-TPG [Dkt. 54-56]) (collectively, "Plaintiffs").

## PRELIMINARY STATEMENT

BNY Mellon is not a party to these actions. BNY Mellon serves only in a limited capacity as settlement trustee in connection with certain payments made by the Republic of Argentina to holders of the Republic's defaulted debt, pursuant to an April 21, 2016 Settlement Trust Agreement (the "Settlement Trust Agreement"). BNY Mellon's only role is to receive payments from the Republic in trust, for the benefit of other non-parties, and to distribute these payments to these settling non-parties, pursuant to the terms of the Settlement Trust Agreement.

This Court previously rejected similar motions brought by the Republic's judgment creditors seeking the turnover of funds held by BNY Mellon in its role as indenture trustee pursuant to a June 2, 2005 trust indenture. The Second Circuit affirmed that ruling, finding that the requirements for a turnover order were not satisfied because the Republic was not entitled to the possession of the funds held by BNY Mellon and because claimants' rights were not superior to the rights of BNY Mellon. That same analysis dictates that the instant motions be denied.

## BACKGROUND

Much of the background to this dispute is set forth in Argentina's memorandum of law in opposition to the instant motion, and BNY Mellon incorporates that factual background by reference. A few additional facts bear mention.

### A. The Settlement Trust Agreement

BNY Mellon is not a party to this dispute. It appears here in the very limited role of

settlement trustee pursuant to the Settlement Trust Agreement.  *See* Ex. A.[1]  The Settlement Trust Agreement provides, among other things:

- The Republic "expects to issue" new bonds (the "Settlement Bonds"), the proceeds of which it will use to pay for the settlement with settling bondholders.  Preamble (ii).

- An irrevocable trust is created in the name of BNY Mellon as the Settlement Trustee, and the Republic "irrevocably assign[s] to the Settlement Trustee . . . to be held by the Settlement Trustee in trust for the benefit of the Beneficiaries," the Republic's right to receive the proceeds of the new bonds.  §§ 2, 5.

- The Settlement Trustee shall receive the proceeds and hold them "in trust for the benefit of the Beneficiaries."  § 4; *see also* § 9(c).  The Republic is not a Beneficiary, and it disclaims "any right, title or interest . . . of any kind" in the funds.  § 7.

- The Beneficiaries are a defined list of settling bondholders.  However, "[i]f for any reason the Settlement Trustee is not able to distribute all of the Trust Funds" – *e.g.*, if a settling holder does not submit its defaulted bonds in a timely manner – then the Settlement Trustee is to pay the "Surplus Trust Funds" to the Banco Central de la República Argentina ("BCRA"), to satisfy certain indebtedness held by BCRA.  §§ 6(b), 7.

- The Settlement Trustee is granted a first priority security interest in the proceeds.  § 2.

- The Settlement Trustee is not a fiduciary.  § 9(a)(vii)(1).

- The Settlement Trustee is protected against liability to the Republic or to the Beneficiaries for any action or omission other than through gross negligence or willful misconduct.  § 9(a)(ii).  The Settlement Trustee is also protected against liability, *inter alia*, in connection with its security interest, § 3, for "any error of judgment," § (a)(iii), for indirect, punitive, or consequential damages, § 9(a)(iv), for any circumstances outside its control, § 9(b)(iv), or for interest on or the investment of any funds received from the Republic.  § 9(c).

### B.     The Prior Turnover Motions

BNY Mellon previously appeared in related matters in its separate role as indenture trustee.  Specifically, in June 2014, BNY Mellon received from the Republic a $539 million interest payment, due on the Exchange Bonds, in violation of this Court's Injunctions.  The Court observed that "the Bank of New York acted very responsibly and did not complete the payment. It held the money in regard for my order.  That was a very responsible thing for them to do."

---

[1]  All references herein to "Ex." are to exhibits to the May 12, 2016 Declaration of Evan K. Farber, filed herewith.

- 2 -

Case 1:02-cv-4124-TPG [Dkt. 140-1] (July 22, 2014 Hrg. Tr.) at 17:22-24.[2]  The Court subsequently entered an Order providing that "BNY shall retain the Funds in its accounts" and that "BNY shall incur no liability . . . to any person or entity for complying with this Order and the [Injunctions]."  Case 1:08-cv-06978-TPG [Dkt. 633].

Despite this Order, several of Argentina's judgment creditors filed motions seeking to compel BNY Mellon to turn over the funds to satisfy their money judgments against the Republic.  The Court denied those motions in a series of orders dated October 27, 2014.  *See*, *e.g.*, Case 1:02-cv-04124-TPG [Dkt. 152].[3]  The Court of Appeals for the Second Circuit affirmed that decision.  *See Dussault v. Republic of Argentina*, 616 Fed. App'x 26 (2d Cir. 2015).  The Court of Appeals explained that "[t]o invoke § 5225(b), a judgment creditor must show, *inter alia,* 'either that the judgment debtor is "entitled to the possession of such property," or . . . that "the judgment creditor's rights to the property are superior" to those of the party in whose possession it is.'"  *Id*. at 27 (quoting *Beauvais v. Allegiance Sec., Inc.*, 942 F.2d 838, 840 (2d Cir.

---

[2] The Injunctions were entered in the following thirteen cases (the "NML Actions"):  *NML Capital, Ltd. v. Republic of Argentina*, 08-cv-6978 (TPG), 09-cv-1707 (TPG), 09-cv-1708 (TPG); *Aurelius Capital Master, Ltd., et al. v. Republic of Argentina*, 09-cv-8757 (TPG), 09-cv-10620 (TPG); *Aurelius Opportunities Fund II, LLC, et al. v. Republic of Argentina*, 10-cv-1602 (TPG), 10-cv-3507 (TPG); *Aurelius Capital Master, Ltd., et al. v. Republic of Argentina*, 10-cv-3970 (TPG), 10-cv-8339 (TPG); *Blue Angel Capital I LLC v. Republic of Argentina*, 10-cv-4101 (TPG), 10-cv-4782 (TPG); *Pablo Alberto Varea v. Republic of Argentina*, 10-cv-5338 (TPG); and *Olifant Fund, Ltd. v. Republic of Argentina*, 10-cv-9587 (TPG).

[3] Identical Orders were entered in *Applestein v. Republic of Argentina*, 02-cv-4124 (TPG), *Applestein v. Republic of Argentina*, 02-cv-1773 (TPG), *Francheschi v. Republic of Argentina*, 03-cv-4693 (TPG), *Mazzini v. Republic of Argentina*, 03-cv-8120 (TPG), *Morata v. Republic of Argentina*, 04-cv-3314 (TPG), *Moldes v. Republic of Argentina*, 04-cv-6137 (TPG), *Cilli v. Republic of Argentina*, 04-cv-6594 (TPG), *Rosa v. Republic of Argentina*, 04-cv-7504 (TPG), *Consolini v. Republic of Argentina*, 05-cv-177 (TPG), *Ferri v. Republic of Argentina*, 05-cv-2943 (TPG), *Rigueiro v. Republic of Argentina*, 05-cv-3089 (TPG), *Bettoni v. Republic of Argentina*, 05-cv-4299 (TPG), *Fedecostante v. Republic of Argentina*, 05-cv-4466 (TPG), *Lisi v. Republic of Argentina*, 05-cv-6002 (TPG), *Rossini v. Republic of Argentina*, 05-cv-6200 (TPG), *Klein v. Republic of Argentina*, 05-cv-6599 (TPG), *Lovati v. Republic of Argentina*, 05-cv-8195 (TPG), *Botti v. Republic of Argentina*, 05-cv-8687 (TPG), *Pasquali v. Republic of Argentina*, 05-cv-10636 (TPG), *Beyer v. Republic of Argentina*, 07-cv-98 (TPG), *Borgra v. Republic of Argentina*, 07-cv-5807 (TPG), and *Dussault v. Republic of Argentina*, 07-cv-13085 (TPG).

1991) (quoting N.Y. C.P.L.R. § 5225(b))). The Court of Appeals held that the plaintiffs "cannot satisfy either of these alternatives. First, the judgment debtor—i.e., the Republic—is not 'entitled to the possession' of the assets held by BNY. For this prong to be met, the Republic must be able to retrieve the disputed assets back from BNY." *Dussault*, 616 Fed. App'x at 27. Second, the Court of Appeals held that "the appellant's rights to the property are not 'superior' to the rights of BNY," *id*. at 28, because the transfer of funds to BNY Mellon was not a fraudulent conveyance and the bondholders could not claim "any other legal interest in the funds transferred to BNY." *Id*.

The issues presented by instant turnover motions are identical to the issues presented in the prior turnover motions, and the instant motions should be denied for the same reasons.

## ARGUMENT

Plaintiffs seek turnover orders based on Rule 69(a) of the Federal Rules of Civil Procedure and Sections 5225(b) and 5230 of the New York Civil Practice Law and Rules. Rule 69 of the Federal Rules of Civil Procedure merely provides that a money judgment is enforced by a writ of execution and that "[t]he procedure on execution . . . must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1); *see also Beauvais*, 942 F.2d at 840 (in New York, Fed. R. Civ. P. 69(a) incorporates N.Y. C.P.L.R. § 5225(b) where judgment creditors seek an order compelling a third party to turn over assets in which a judgment debtor has an interest). Plaintiffs cannot satisfy the requirements of N.Y. C.P.L.R. § 5225(b) or § 5230.

### I.     Plaintiffs Cannot Satisfy the Requirements of N.Y. C.P.L.R. § 5225(b)

In *Dussault*, the Court of Appeals adhered to the test set forth in *Beauvais*. First, the movants must show that "the judgment debtor has an interest in the property the creditor seeks to reach." *Beauvais*, 942 F.2d at 840 (internal quotations omitted). Second, if the movants satisfy the first prong of the test, they also must show "either that the judgment debtor is 'entitled to the

possession of such property,' or . . . that 'the judgment creditor's rights to the property are superior' to those of the party in whose possession it is." *Dussault*, 616 Fed. App'x at 27 (quoting *Beauvais*, 942 F.2d at 840, and N.Y. C.P.L.R. § 5225(b)). "Only after both steps of the analysis are demonstrated may the trial court order the transferee to turn over the property to the judgment creditor." *Id.* at 840-41. Because Plaintiffs cannot satisfy either prong of the test in *Beauvais*, their motions should be denied.

### A. The Republic Has No Interest in the Funds

Plaintiffs do not even address their threshold burden of showing that the Republic has an interest in the funds at issue. For this reason alone, their motions should be denied.

Plaintiffs offer no evidence that the Republic maintains an interest in the funds because, in fact, the Republic has *no* interest in the funds. Pursuant to the Settlement Trust Agreement, "[t]he Republic has heretofore irrevocably assigned to the Settlement Trustee the Republic's right to receive the full amount of the Proceeds" of the Settlement Bonds, "to be held by the Settlement Trustee in trust for the benefit of the Beneficiaries." Ex. A, at § 2. The Republic further agreed that "neither the Republic nor any agency or instrumentality of the Republic shall have ***any right, title or interest*** (including, for the avoidance of doubt, proprietary or reversionary interest) of any kind" in the funds. *Id.* at § 7 (emphasis added). Instead, BNY Mellon holds the funds in trust for the exclusive benefit of the beneficiaries of the Settlement Trust – none of which is the Republic. *See id.* at §§ 2, 7.

Consistent with the Settlement Trust Agreement, the Republic disclaims any interest in the funds. Indeed, in its opposition brief on this motion, the Republic explicitly acknowledges that "The Republic Has No Interest In That Property." *See* Argentina Br. at 10.

Because the Republic has no interest in the funds, and Plaintiffs do not even suggest otherwise, Plaintiffs' motions should be denied.

### B. The Republic Is Not Entitled to Possession of the Funds

*Beauvais* recognizes that even if a debtor "has an interest in its own money or property held by a third party . . . that does not necessarily mean it is entitled to *possession* of that money or property." *Beauvais*, 942 F.2d at 841 (emphasis in original). For example, in *Dussault*, the Second Circuit held that "the judgment debtor – i.e., the Republic – is not 'entitled to the possession' of the assets held by BNY" because "[f]or this prong to be met, the Republic must be able to retrieve the disputed assets back from BNY." *Dussault*, 616 Fed. App'x at 27.

In this case, the Settlement Trust Agreement ensures that the Republic is *never* "entitled to the possession" of the assets held by BNY Mellon. *Id*. Rather, when the Settlement Bonds are issued, "the Republic's right to receive the full amount of the Proceeds upon the closing" is "irrevocably assigned to the Settlement Trustee . . . to be held by the Settlement Trustee in trust for the benefit of the Beneficiaries." Ex. A, at § 2. "The Settlement Trustee shall receive on the Closing Date the Proceeds . . . and hold those Proceeds . . . in trust for the benefit of the Beneficiaries." *Id*. at § 4. Moreover, the Settlement Trust Agreement grants BNY Mellon a first priority security interest in those proceeds. *Id*. at § 2. And the Settlement Trust Agreement provides that "neither the Republic nor any agency or instrumentality of the Republic shall have any right, title or interest (including, for the avoidance of doubt, proprietary or reversionary interest) of any kind" in the funds. *Id*. at § 7. Accordingly, even if somehow the Republic had a theoretical interest in the funds, it would not be entitled to possession. The motions fail for this reason as well.

### C. The Trustee's Rights in and to the Funds Are Superior to Any Rights of Plaintiffs

Plaintiffs also cannot show that their rights are superior to those of the Trustee. Plaintiffs' entire argument on this score is the perfunctory assertion that because BNY Mellon is

the Settlement Trustee, it "does not have an interest in the proceeds for Argentina. Plaintiffs obtained money judgments from this Court that Argentina has failed to satisfy and therefore have a claim to the 2016 Bond Offering proceeds held by BNYM that are superior to BNYM's." Ladjevardian Br. at 7; Colella Br. at 6-7.

This conclusory argument fails for the reasons explained by the Second Circuit in *Dussault*. The fact that Plaintiffs obtained money judgments against the Republic is an insufficient basis for finding Plaintiffs' interest "superior" to that of BNY Mellon or any other entity:

> [N]o New York authority permit[s] courts to determine "superior" rights to property based on subjective equitable assessments of the relative fairness of paying one class of creditor or another. Rather, "superior" rights in property have been assessed by the New York courts based on legal interests in the property, as for example where the "fraudulent conveyance provisions of the [New York] Debtor and Creditor Law" apply. Here, however, the Republic's transfer of funds to BNY was not a fraudulent conveyance, because the Republic was attempting to pay other creditors for whom BNY acts as trustee. At most, then, the Republic's transfer was a preference among creditors. But under New York law, preferring one creditor over another is neither actually nor constructively fraudulent. Nor does the appellant claim any other legal interest in the funds transferred to BNY, such as a security interest, let alone an interest superior to that of BNY; she relies solely on her status as an unsecured general creditor of the Republic. The appellant's rights to the disputed property are therefore not superior to those of BNY.

*Dussault*, 616 Fed. App'x at 28 (citations omitted).

The same reasoning applies here. BNY Mellon holds funds "in trust for the benefit of the Beneficiaries." Ex. A, at § 4. BNY Mellon also has its own interest in the funds. *See id*. at § 2 (granting BNY Mellon a senior security interest). Plaintiffs cite no basis for asserting that their rights are superior to those of the beneficiaries or of BNY Mellon. Nor do Plaintiffs cite any other legal interest in the funds transferred to BNY Mellon, and, under *Dussault*, no such basis exists.

Because Plaintiffs cannot show that they possess a superior right to the funds in question, they fail this prong of section 5225(b).

## II. N.Y. C.P.L.R. § 5230 Is Inapplicable

N.Y. C.P.L.R. § 5230 authorizes an execution on property, which is a commonly used device for the enforcement of money judgments. Section 5230 is inapplicable here for at least two reasons. First, it is limited to "only the property in which a named judgment debtor or obligor . . . has an interest, or the debts owed to the named judgment debtor or obligor." N.Y. C.P.L.R. § 5230(a); *see also* N.Y. C.P.L.R. Commentaries 5230:1 (McKinney) ("It is available against any non-exempt property in which the defendant has an interest."). For the reasons described above, the Republic does not have an interest in the funds transferred to BNY Mellon. Second, § 5230 does not confer on a judgment creditor a right to a turnover; it permits only an execution on the property. *See id.* ("The property execution is just a paper delivered to the court's enforcement officer, usually the sheriff, directing the sheriff to levy against any non-exempt property that can be found belonging to the judgment debtor."). While Plaintiffs may be seeking that relief as against the Republic, they cannot seek that relief against funds in the possession of BNY Mellon.

Accordingly, Plaintiffs cannot obtain a turnover order pursuant to § 5230, and the motions must be denied for that reason as well.[4]

---

[4] As an afterthought, Plaintiffs request in the alternative discovery from the Republic and from BNY Mellon in support of their motions. Ladjevardian Br. at 9; Colella Br. at 9. That request should be denied as well for the reasons set forth in the Republic's brief. *See* Argentina Br. at 16-18.

## **CONCLUSION**

For the reasons stated above, BNY Mellon respectfully requests that the Court deny Plaintiffs' motions in their entirety.

          Respectfully submitted,

          REED SMITH LLP

          By: */s/ Eric A. Schaffer*
              Eric A. Schaffer
              Evan K. Farber
              599 Lexington Avenue
              New York, NY 10022
              (212) 521-5400

              *Attorneys for Non-Party The Bank of New York Mellon, as Settlement Trustee*

Dated: New York, New York
       May 12, 2016